IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

|  |  |
|---|---|
| International Plastics, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>State Automobile Mutual<br>Insurance Company<br><br>Defendant. | C.A. No. 6:22-cv-03167-DCC<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim. ECF No. 11. Defendant Filed a Response in Opposition, and Plaintiff filed a Reply. ECF Nos. 12, 14. For the reasons set forth below, the Motion is denied.

## **BACKGROUND**

This case arises from alleged damage to Plaintiff's commercial property purportedly caused by a hailstorm on May 5, 2020. ECF No. 1-1 at 5. Defendant provided insurance coverage for the property under two separate policies with policy periods running from June 24, 2019, to June 24, 2020, and June 24, 2020, to June 24, 2021, respectively. ECF No. 8 at 9. Following the hailstorm, Plaintiff notified Defendant of damage to the insured property and made a claim pursuant to its insurance policy with Defendant. ECF No. 1-1 at 4. Defendant, through its authorized Adjuster, performed a site inspection of the property and determined that Plaintiff was due $0.00 in indemnification. *Id.* at 5–6. On May 9, 2022, Plaintiff sent a written demand to Defendant for $1,196,899.89 less previous payments and the applicable deductible, and Defendant

again denied Plaintiff's claim. *Id.* at 6. Thereafter, Plaintiff provided Defendant with a 60-day demand to put Defendant on notice of a potential lawsuit. *Id*.

On August 18, 2022, Plaintiff filed a Complaint against Defendant in the Court of Common Pleas in Greenville County, South Carolina. ECF No. 11-1 at 2. Plaintiff alleged two causes of action—breach of contract and bad faith. *Id.* On September 17, 2022, Defendant removed this action. *Id.* On September 26, 2022, Defendant filed its Answer to the Complaint denying the allegations and asserting approximately 14 affirmative defenses. *Id.* On October 17, 2022, Defendant amended its Answer to include a counterclaim requesting a declaratory judgment. *Id.* On November 7, 2022, Plaintiff filed a Motion to Dismiss Defendant's Counterclaim. ECF No. 11. On November 18, 2022, Defendant filed a Response in Opposition. ECF No. 12. On November 28, 2022, Plaintiff filed a Reply. ECF No. 14. Accordingly, this matter is ripe for review.

## **APPLICABLE LAW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the court is obligated "to assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir.

2000). However, while the Court must accept the facts in the light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## **ANALYSIS**

Plaintiff contends that the Court should dismiss Defendant's counterclaim because the counterclaim for declaratory judgment is wholly duplicative of the relief sought in the Complaint. ECF No. 11-1 at 6. Plaintiff argues that the counterclaim fails to clarify the parties' obligations to any extent different than what the parties have already pleaded in the Complaint and Amended Answer. *Id.* Plaintiff further contends that the substantive action would resolve all the issues raised by the declaratory judgment and that Defendant's interests are adequately protected without the counterclaim. *Id.* 6–7.

In contrast, Defendant contends that it is entitled to pursue a declaratory judgment that there is no coverage for the insured property under either insurance policy.[1] ECF No.

---

[1] In its Amended Answer, Defendant alleges "that no hailstorm occurred at the loss location during the 2020-2021 policy period which could have caused the alleged damage." ECF No. 8 at 8. In addition, "[t]he . . . alleged loss date [of] May 4 or 5, 2020, is outside of the . . . policy period—June 24, 2020 to June 24, 2021." *Id.* at 9.

3

12 at 4. Defendant argues that parties regularly use declaratory judgments in insurance cases, and as a result, Defendant's counterclaim should proceed so that it may protect its interests under the insurance policies. *Id.* at 5–6. Defendant further contends that Plaintiff's Motion should be denied because Defendant's counterclaim is not wholly duplicative of Plaintiff's claims because it raises additional issues, i.e., separate insurance policies. *Id.* at 6–7 (citing *Scottsdale Ins. Co. v. B & G Fitness Ctr., Inc.*, C.A. No. 4:14-CV-187-F, 2015 WL 4641530, at *2 (E.D.N.C. Aug. 4, 2015) (denying a motion to dismiss or strike a counterclaim for declaratory judgment on the grounds that it may raise different or additional issues)).

However, Plaintiff contends that the Court has discretion to permit or not permit a counterclaim for declaratory judgment. ECF No. 14 at 1–2. Plaintiff asserts that the fact that declaratory judgments may be commonplace is not a factor that allows the Court to exercise its discretion. *Id.* at 3. Further, Plaintiff argues that its claims in addition to Defendant's affirmative defenses represent the entire dispute between the parties, including their rights and obligations under the insurance policies. *Id.* at 3–4.

Having reviewed the arguments and submissions of the parties, the Court finds that Plaintiff's Motion to Dismiss Defendant's Counterclaim should be denied. The Declaratory Judgment Act provides that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). "[A] court should entertain declaratory judgment actions 'when it finds that the declaratory relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *MST, LLC v. N. Am. Land Tr.*, C.A. No. 2:22-cv-00874-DCN, 2023 WL 3571500, at *5 (D.S.C. May 19, 2023) (citing *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994) (internal quotation marks omitted)). If a counterclaim for declaratory judgment is a mirror image of the complaint, a court may dismiss the counterclaim. *Biltmore Co. v. NU U, Inc.*, C.A. 1:15-cv-00288-MR, 2016 WL 7494474, at *2 (W.D.N.C. Dec. 30, 2016) (citing *Interscope Recs. v. Kimmel*, C.A. No. 307-CV-0108, 2007 WL 1756383, at *2 (N.D.N.Y. June 18, 2007); *Sprint Nextel Corp. v. Simple Cell, Inc.*, C.A. No. CCB-13-617, 2014 WL 883982, at *2 (D. Md. Mar. 4, 2014)).

Here, the Court finds that dismissal of Defendant's counterclaim for declaratory judgment inappropriate given that the counterclaim is not wholly duplicative of the relief sought in the Complaint nor the affirmative defenses in the Amended Answer. Defendant's counterclaim clarifies the legal relations in issue in that it requests that the Court determine the obligations of both parties pursuant to the 2019–2020 and 2020–2021 insurance policies. Uncertainty exists as to the underlying events giving rise to Plaintiff's claims given that the parties dispute not only whether the 2019–2020 insurance

policy covers the alleged damage to Plaintiff's commercial property but also whether a hailstorm even occurred on May 5, 2020. *See* ECF Nos. 1-1 at 5; 8 at 9.

Other courts in this district have dismissed a defendant's declaratory judgment counterclaim because the plaintiff's complaint and defendant's counterclaim sought relief using much of the same language. *MST, LLC*, 2023 WL 3571500, at *5. However, in the present case, the language in Defendant's counterclaim for declaratory judgment does not match the relief sought in either of Plaintiff's claims—breach of contract and bad faith—or in Defendant's affirmative defenses. Whereas the Complaint asserts coverage for Plaintiff's commercial property under a singular policy, without specific mention of separate policy periods, the Amended Answer denies coverage under separate policies, i.e., two separate policies with policy periods running from June 24, 2019, to June 24, 2020, and June 24, 2020, to June 24, 2021, respectively. ECF Nos. 1-1 at 4; 8 at 9. As a result, the Defendant's counterclaim cannot be considered a mirror image. Lastly, at this early point in the litigation, dismissal of Defendant's counterclaim is premature given that maintaining it may "raise different or additional issues" and protect the interests of both parties. *Scottsdale*, 2015 WL 4641530, at *2.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Dismiss Defendant's Counterclaim is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

September 20, 2023
Spartanburg, South Carolina